### B. F. AVERY & SONS v. JOHN G. WAPLES ET AL.

Decided November 15, 1898.

**1. Mortgage of Merchandise Void, When.**

A chattel mortgage executed upon part of a stock of general merchandise left in the possession and under the control of the mortgagor, who continues to sell the encumbered property, is fraudulent and void under the provision of article 2548 of the Revised Statutes.

**2. Same—Title Not Reserved, When.**

A contract made to secure, by a lien upon merchandise, an existing indebtedness evidenced by notes, in consideration of an extension of time for their payment, can not be upheld as a reservation of title to secure purchase money, where it does not appear that any goods were then delivered, or the title thereto reserved, but the instrument covers all past purchases.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*McCormick & Spence,* for appellants.

*Moseley & Smith,* for appellees.

RAINEY, ASSOCIATE JUSTICE.—B. F. Avery & Sons, appellants, brought suit against Leeper Hardware Company, a private corporation, on four certain promissory notes executed by said company to said Avery & Sons. A foreclosure of a chattel mortgage was sought against certain property alleged to belong to said company, and said property caused to be sequestered. John G. Waples was made a party defendant, it being alleged that said hardware company had made a general deed of assignment for the benefit of creditors with said Waples as assignee. That said Waples had duly qualified as such assignee and refused to recognize appellant's rights in the goods mortgaged.

The hardware company made default.

Waples defended as assignee, and pleaded that said mortgage was void, being upon goods which constituted a part of a general stock of hardware and agricultural implements. That said mortgaged goods were allowed to remain in possession of said hardware company, and same daily exposed to sale in parcels in due course of trade. He further alleged the

insolvency of said hardware company, and prayed judgment against appellant and sureties on sequestration bond.

A recovery was had by Waples, assignee, and appellant appealed.

*Conclusions of Fact.*—The following conclusions of fact of the trial court are not challenged and the same are adopted by this court, to wit:

"1. The court finds that the notes and contract of lien or chattel mortgage as set out in plaintiff's pleadings herein were made and entered into between plaintiff and defendant, Leeper Hardware Company, as alleged by plaintiff.

"2. That upon said notes there is now due the sum of $2447.90, justly due from defendant, Leeper Hardware Company, to plaintiff, B. F. Avery & Sons.

"3. That the goods and property described in the sheriff's return upon the writ of sequestration herein issued were goods and property covered by and included in the contract of lien or chattel mortgage set forth and sued upon by the plaintiff in its pleading herein, and that the value of each article of said property was as stated opposite same in the sheriff's return, aggregating in amount $1054.25.

"4. The court further finds that defendant, Leeper Hardware Company, on the 13th day of November, 1896, duly executed and delivered to defendant, John G. Waples, its deed of general assignment, under the statutes of Texas, conveying to him all of its property as statutory assignee, which deed of assignment was on the same date accepted by the said John G. Waples, who immediately qualified as such assignee, and the said property so sequestrated came into his possession and was held by him in his possession when same was taken from him by the writ of sequestration aforesaid.

"5. That no creditor of the Leeper Hardware Company had accepted under said deed of assignment prior to the date of the levy of the said sequestration and the seizure thereby of the property involved herein, said seizure being on November 25, 1896, but that numerous creditors of Leeper Hardware Company have since said seizure duly accepted under said deed of assignment.

"6. That after the seizure under sequestration of said property, the said defendant Waples, declining to replevy, the said property was duly replevied by plaintiff, upon whose bond of replevy H. E. Hamilton and J. C. O'Connor are its sureties, and upon execution and delivery of said bond to the sheriff of Grayson County the said property described in sheriff's return on said writ was delivered into the possession of plaintiff.

"7. The court finds that the contract lien or chattel mortgage set out in plaintiff's pleading and sued upon herein was executed and delivered by the Leeper Hardware Company to plaintiff, and was accepted by plaintiff on the 16th day of September, 1896, and that plaintiff received and took said contract lien upon a consideration, to wit, the extension of time upon its indebtedness against Leeper Hardware Company, all as set forth

and agreed upon in the said contract lien, and that plaintiff has performed and has always been ready, and has tendered performance of its part of said contract to defendant. That thereunder it renewed its note against Leeper Hardware Company, maturing October 15, 1896, in accordance with the contract, and it renewed its notes maturing November 15, 1896, in accordance with the contract, receiving at each time from Leeper Hardware Company new or renewal notes as provided for in said contract, and that thereafterward, at times designated in the contract, plaintiff was ready to carry out its part of said contract, and tendered to Leeper Hardware Company performance thereof; but that after November 15, 1896, defendant, Leeper Hardware Company, failed to carry out its part of said contract.

"8. That when said contract lien or chattel mortgage was taken by plaintiff it relied upon the statements therein made by Leeper Hardware Company through E. D. Leeper, its president, as to the financial condition, assets, and resources, etc., of the Leeper Hardware Company.

"9. The court finds that on September 16, 1896, however, the said Leeper Hardware Company was then insolvent, and that fact was known to its president, E. D. Leeper, but said Leeper Hardware Company was then conducting its business in the ordinary way, and was a going business.

"10. The court finds, however, that it is neither alleged by defendants nor proved that on September 16, 1896, the said Leeper Hardware Company was in contemplation of making a general assignment under the statutes of Texas.

"11. The court finds that plaintiff was on September —, 1896, and still is, a wholesale mercantile house, domiciled in Louisville, Ky., and the Leeper Hardware Company was in September, 1896, a retail mercantile house, located at Denison, Texas, and at the time of the giving of the contract lien or chattel mortgage described in plaintiff's pleading and sued upon herein, the property covered thereby was located in the storehouse of Leeper Hardware Company, and it was intended and contemplated by the plaintiff and Leeper Hardware Company that the said property should be kept in the continuous possession of Leeper Hardware Company, defendant, to be daily exposed to sale as merchandise in parcels in the regular course of business of such merchandise, and the control of such business by the sale of such goods by Leeper Hardware Company, but with the understanding that any proceeds from said sales of said security goods should at all times be held as the property of and subject to the order of B. F. Avery & Sons.

"And the court further finds that the said property was daily exposed to sale in parcels in the regular course of business of such merchandise by the Leeper Hardware Company, and was being so sold at the time of its assignment to defendant, John G. Waples, and that said property was mingled with all the other goods which said defendant had and was

offering for sale, and so remained until the date of the seizure under plaintiff's writ.

"12. The court finds that plaintiff, being a foreign corporation under the laws of Kentucky, has complied with the laws of Texas as to doing business in Texas, and has a permit to do business in this State, duly issued by the proper authorities of the State of Texas."

*Conclusions of Law.*—There is practically but one issue presented by the various assignments of error contained in appellant's brief, that is, did the property in controversy pass to Waples, as assignee, by the deed of assignment free from the lien asserted by Avery & Sons?

Article 2548, Revised Statutes 1895, which is a re-enactment of section 17 of the assignment law of 1879, provides: "Every mortgage, deed of trust, or other form of lien attempted to be given by the owner of any stock of goods, wares, or merchandise daily exposed to sale, in parcels, in the regular course of the business of such merchandise, and contemplating a continuance of possession of said goods and control of said business, by sale of said goods by said owner, shall be deemed fraudulent and void."

This provision is plain and unambiguous. If the contract entered into between the hardware company and Avery & Sons falls within the scope of its provisions, we think it clear that said contract is of no force and effect as against the assignee. That it does, we think there can be no doubt. The property embraced in the contract was a part of the general stock of hardware and agricultural implements daily exposed to sale, in parcels, in the regular course of business. The Leeper Hardware Company was to retain possession of the goods and control of the business, and continue to sell the goods. Bank v. Lovenberg, 63 Texas, 506; Cook v. Halsell, 65 Texas, 1; Duncan v. Taylor, 63 Texas, 645; Wilber v. Kray, 73 Texas, 533.

That the contract embraced only a part of the general stock is immaterial. If a part only was allowed to be mortgaged, the object of the statute could be readily defeated.

The object of the statute was to prevent collusion between debtor and creditor to the prejudice of all others. Bank v. Lovenberg, 63 Texas, 506. If said provision of the statute should be construed so that all of the stock of goods must be embraced in the mortgage to make it void, the object for which it was enacted could be readily defeated by mortgaging the greater part thereof.

Appellant insists that "the contract involved in this case is in legal effect a reservation of title in the vendor of chattels to secure the purchase money thereof." We do not think the terms of the contract support this contention. It shows upon its face that it was made to secure an existing indebtedness evidenced by certain notes, in consideration of an extension of time for the payment of same. It does not appear that any goods were then delivered to the hardware company and title thereto

reserved in Avery & Sons, but the only property mentioned is, "all the goods they have on hand this date that were made by or purchased from said B. F. Avery & Sons, at any time in the past." Besides, it was stipulated that said notes should be indorsed by various individuals. Throughout the contract the term "security" is used, which clearly indicates that it was intended merely as a lien.

The cases of Bowen v. Lansing, 43 Southwestern Reporter, 872, and others relied on by appellant are not, we think, in conflict with the views here expressed. The case of Bowen v. Lansing, supra, deals with a contract where there was a reservation of title in the vendor and the court held that such a contract is not governed by article 2548.

No case presented, in our opinion, holds a mortgage valid under such circumstances as are here presented. The judgment is affirmed.

*Affirmed.*

Writ of error refused.