### In re RANEY.

### In re STUDEBAKER BROS. OF TEXAS.

(District Court, N. D. Texas. February 14, 1912.)

#### No. 139, In Bankruptcy.

1. EVIDENCE (§ 460*)—PAROL EVIDENCE—CHATTEL MORTGAGE—DESCRIPTION.
   Parol evidence is not admissible to aid in the description of a chattel mortgage, but is admissible to identify the chattels referred to and described in the mortgage.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2115–2128; Dec. Dig. § 460.*]

---

**2. CHATTEL MORTGAGES (§ 47*)—DESCRIPTION.**

A contract of sale, reserving title in the seller until the goods were paid for, described the same by using technical and trade terms to describe the various parts comprising a complete wagon, setting out, in ruled columns, the quantity, catalogue number and size of axle, track, style of tongue, description of wheels as to height, kind, and tire, the width of body, and style of seat and brake, including capital letters, abbreviations, and figures, with a note that there was to be stenciled thereon the words, "Sold by J. R. Raney, Santa Anna, Texas." There was also evidence that the wagons were so stenciled. *Held*, that the description was sufficient to sustain the contracts as chattel mortgages.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 87, 88, 96–103; Dec. Dig. § 47.*]

In Bankruptcy. In the matter of bankruptcy proceedings of J. R. Raney. On certificate of a referee to review an order allowing a claim of lien of Studebaker Bros. of Texas. Affirmed.

Spence, Knight, Baker & Harris, of Dallas, Tex., for claimant.

Harrison & Wayman, of Brownwood, Tex., for trustee in bankruptcy.

MEEK, District Judge. It appears from the record accompanying the certificate of the referee that a number of wagons were sold by Studebaker Bros. to J. R. Raney, the bankrupt; that they were sold under a contract by which the title to the wagons was reserved in the seller; that before the bankruptcy of the purchaser this contract of sale was filed for registration in Coleman county, Tex., where the wagons were located. Under the statutes of Texas, it thus became a chattel mortgage, and subject to be construed as such.

The question is: Are these wagons described with sufficient definiteness that they may be identified? In the order blank, which became a part of the contract, it is revealed the wagons were to be shipped to J. R. Raney, Santa Anna, Coleman county, Tex. Their description is included in the order blank, and consists of a technical or trade description of the various parts that go to comprise a complete wagon. In ruled columns, among other things, the quantity, the catalogue number, the size of axle, the track, the style of tongue, a description of the wheels as to their height, kind, and tire, the width of body, the style of seat and brake, of these wagons are given in technical terms, which include capital letters, abbreviations, and figures. There is a note in the face of the order blank to the effect that the articles purchased are to be stenciled, "Sold by J. R. Raney, Santa Anna, Texas." The evidence is that these wagons were so stenciled.

While the description of the wagons contained in the order blank is somewhat cryptical and beclouded to the uninitiated, yet it conveys evidence to them that wagons are therein described; also that they are marked in a certain way, and are to be found in the possession of J. R. Raney, at Santa Anna.

[1, 2] I recognize the rule that parol evidence is not permissible to aid in the making of a description of chattels mortgaged. It is however, admissible to identify such chattels. I am of opinion that, while

the description here is meager, yet it is barely sufficient, and with the parol evidence introduced aliunde the contract the wagons are sufficiently identified.

The order of the referee herein, of date February 3, 1912, allowing claimant its lien, and declaring it to be established upon the wagons covered by the mortgage and in possession of the bankrupt, and also charging and establishing the lien against the funds in the hands of the estate resulting from the sale of the wagons, is approved and affirmed.