In re RANEY.

In re TEXAS HARVESTER CO.

(District Court, N. D. Texas. February 14, 1912.)

No. 139, In Bankruptcy.

SALES (§ 474*)—CONDITIONAL SALES—DESCRIPTION.

   Where contracts for the sale of goods to a bankrupt, reserving a lien for the purchase price, contained a sufficient description of the goods to identify them, the seller was entitled to a lien on the remaining goods in the hands of the bankrupt at the time of the intervention of bankruptcy proceedings.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1391–1402; Dec. Dig. § 474.*]

In Bankruptcy. In the matter of bankruptcy proceedings of J. R. Raney. On certificate to review a referee's order allowing the claim of lien of the Texas Harvester Company. Affirmed.

Spence, Knight, Baker & Harris, of Dallas, Tex., for claimant.

Harrison & Wayman, of Brownwood, Tex., for trustee in bankruptcy.

MEEK, District Judge. Claimant, the Texas Harvester Company, filed proof of a secured claim against the estate of J. R. Raney, bankrupt. The claim was for a balance remaining unpaid on the purchase price of certain buggies and sisal sold by claimant to the bankrupt. At the time of bankruptcy a part of these buggies and a quantity of the sisal was on hand and in the possession of the bankrupt. The securities for its debt relied upon by claimant are certain contracts of conditional sale, under and by virtue of the terms of which the title to the buggies and sisal was sought to be reserved in claimant until their purchase price was fully paid.

These contracts of conditional sale were filed for registration as chattel mortgages in the office of the county clerk of Coleman county, Tex., prior to the date of bankruptcy. The trustee of the bankrupt estate filed a contest before the referee of the claim of the Texas Harvester Company as a secured claim, and contended that the description of the goods included in the sale contracts was not sufficiently definite for third parties to identify them; and therefore these contracts did not constitute valid chattel mortgages.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The referee found in favor of the validity of claimant's lien upon the buggies and the sisal twine, directed the sale of the articles, and by proper order transferred and fixed the lien of claimant upon the proceeds of the sale. The trustee now seeks a review of this order of the referee.

For the reasons given by me in opinions this day filed in Re Claim of Studebaker Bros., 202 Fed. 1000, I hold that the description of the buggies and sisal twine contained in the conditional sales contracts filed for registration are sufficient for identification of these goods; and that the claimant is entitled to its lien upon the remaining buggies and sisal twine, respectively, for the balance of the unpaid purchase price thereof. The order of the referee herein will be approved and affirmed. The costs of this certificate will be taxed against the trustee.