In re RANEY.

In re TEXAS MOLINE PLOW CO.

(District Court, N. D. Texas. February 14, 1912.)

No. 139, In Bankruptcy.

1. CHATTEL MORTGAGES (§ 6*)—DESCRIPTION—SUFFICIENCY.
   Where the description contained in a contract of sale of personal property was sufficient to identify the goods, and the contract was duly filed, it was sufficient to constitute a chattel mortgage, under the laws of Texas.
   [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 23–41; Dec. Dig. § 6.*
   For other definitions, see Words and Phrases, vol. 2, pp. 1098–1106.]

2. SALES (§ 465*)—CONTRACT RESERVING LIEN—REGISTRATION.
   Where a contract of sale reserving a lien on the goods was not filed as a chattel mortgage, it was insufficient to create a lien in favor of the seller, under the laws of Texas.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1353; Dec. Dig. § 465.*]

3. CHATTEL MORTGAGES (§ 188*)—VALIDITY—STATE LAW.
   Under Rev. St. Tex. 1895, art. 2548, providing that every mortgage on personal property of a merchant daily exposed to sale, in parcels, and contemplating a continuance of possession and a sale of the goods, shall be deemed fraudulent and void, a contract for the sale of goods to a merchant, reserving a lien, not only on the goods sold, but on goods previously sold and left in the merchant's possession for sale at retail, is void as to the goods so previously sold.
   [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 393–404; Dec. Dig. § 188.*]

In Bankruptcy. In the matter of bankruptcy proceedings of J. R. Raney. On certificate of the referee to review an order allowing the claim of the Texas Moline Plow Company. Affirmed in part and reversed in part.

Spence, Knight, Baker & Harris, of Dallas, Tex., for claimant.

Harrison & Wayman, of Brownwood, Tex., for trustee in bankruptcy.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MEEK, District Judge. Claimant, the Texas Moline Plow Company, filed proof of a secured claim against the estate of J. R. Raney, bankrupt. The claim was for a balance remaining unpaid on the purchase price of certain agricultural implements and parts thereof sold by claimant to the bankrupt. At the time of bankruptcy a part of these implements and parts remained undisposed of and in the possession of the bankrupt. The securities for its debt relied upon by claimant are certain order contracts in writing, executed by the bankrupt and accepted by claimant, under and by virtue of the terms of which the title to the agricultural implements and parts was sought to be reserved in claimant until their purchase price was fully paid. Two order contracts were introduced in support of the proof of claim. The dates of these order contracts are July 4, 1908, and August 23, 1909, respectively. The contract of July 4, 1908, under which were shipped to bankrupt certain of the implements and parts on hand at the time of bankruptcy, was never filed for registration as a chattel mortgage in the office of the clerk of the county court of Coleman county, Tex., the county where the property was located. The contract of August 23, 1909, was so filed for registration at that place.

The claimant bases its lien upon the goods on hand at the time of bankruptcy on the following provision incorporated in both order contracts above referred to:

"It is expressly agreed that the sale and delivery of any goods under this or any other contract is conditional, and that the title to all goods ordered under or by virtue of this, or any prior or subsequent, order or contract, shall be reserved to and remain and be vested in the Texas Moline Plow Company, until all the purchase money therefor, and for any and all other goods heretofore or hereafter ordered, shall be fully paid, whether said purchase money shall be evidenced by open account, stated account, or notes, or this or any other contract; and that all cash and accounts and notes, proceeds of the sale or sales of goods delivered under this or any other order or contract, shall be held by us in trust for the Texas Moline Plow Company, subject to its order, so long as we shall owe the Texas Moline Plow Company any sum of money under this contract, or any prior or subsequent order or contract."

The trustee of the bankruptcy estate filed a contest before the referee of the claim of the Texas Moline Plow Company as a secured claim, and contended, first, that the description of the articles included in the order contracts was not sufficiently definite for third parties to identify them, and therefore these contracts did not constitute valid chattel mortgages; second, that in any event claimant has no lien on goods shipped to bankrupt under the contract of July 4, 1908, because such contract was never filed for registration as a chattel mortgage, according to law.

The referee found in favor of the validity of claimant's lien upon all goods sold by claimant to bankrupt and in the latter's possession at the time of bankruptcy, whether sold under the contract duly registered or under the contract not registered. The referee directed the sale of these goods, and by proper order transferred and fixed the lien of claimant upon the proceeds of the sale, and the trustee now asks a review of this order of the referee.

[1] For the reasons stated in my opinions this day filed in Re the

Claims of Studebaker Bros., 202 Fed. 1000, and of B. F. Avery & Sons Plow Co., 202 Fed. 996, I hold that the description of the goods sold by claimant under the contract of August 23, 1909, is sufficient to identify the goods sold under that contract and on hand at the time of bankruptcy, and that the claimant is entitled to its lien thereon, and consequently to the proceeds arising from their sale.

[2, 3] As to the goods on hand and sold by claimant to the bankrupt under contract of July 4, 1908, I hold that claimant is not entitled to a lien thereon, first, because of its failure to file the contract under which the goods were sold for registration as a chattel mortgage; and, second, because the attempted giving of a lien thereon under the subsequent contract of August 23, 1909, is futile, for the reason it is an attempt to fix a lien upon goods left in possession of the mortgagor and daily exposed to sale in parcels by him. This cannot be done. See article 2548, R. S. Texas. 1895; Cook & McElvey v. Halsell, 65 Tex. 1; B. F. Avery & Sons v. John G. Waples et al., 19 Tex. Civ. App. 672, 49 S. W. 151.

The order of the referee stands approved and affirmed, in so far as it establishes a lien in favor of claimant upon the goods on hand and sold under the contract of August 23, 1909. It is reversed and held for naught, in so far as it establishes a lien in favor of claimant upon goods on hand and sold under the contract of July 4, 1908. The costs of this certificate will be taxed one-half against the trustee and one-half against the claimant.