PARK v. SOUTH BEND CHILLED PLOW CO. (No. 5837.)

(Court of Civil Appeals of Texas. Austin. Dec. 12, 1917. Rehearing Denied Jan. 16, 1918.)

1. SALES ⬤⇒313 — SECURITY FOR PURCHASE PRICE—VENDOR'S LIEN.

There is no right to a vendor's lien to secure the purchase price of a chattel after it has been delivered.

2. BANKRUPTCY ⬤⇒172— TRUSTEE'S ACTION TO CANCEL CHATTEL MORTGAGE—CONDITIONS PRECEDENT.

Defendant's chattel mortgage having been filed for record prior to the petition in bankruptcy, the trustee was not entitled to have the mortgage canceled without first tendering the amount due thereon, unless the mortgage was void.

3. BANKRUPTCY ⬤⇒185 — CHATTEL MORTGAGE—RIGHTS OF TRUSTEE.

If the chattel mortgage to the seller for the purchase price was void as to creditors of the buyer who had fixed a lien on the property when the petition in bankruptcy was filed, it was void as to the trustee in bankruptcy in view of Bankruptcy Act July 1, 1898, c. 541, § 47, subd. "a," cl. 2, 30 Stat. 557, as amended by Act Cong. June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. 1916, § 9631), providing that the trustee shall be vested with all rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings.

4. COURTS ⬤⇒91(2) — FOLLOWING DECISION OF HIGHER COURT.

The Supreme Court having held that Rev. St. 1911, art. 3970, declaring void every mortgage or lien attempted to be given by the owner on stock in trade of which he continues in possession, does not apply to a lien resulting from a conditional sale, the Court of Civil Appeals is bound by such decision.

5. COURTS ⬤⇒91(1)—FOLLOWING DECISION OF HIGHER COURT—EQUITY.

Although the Supreme Court might have rested its decision upon one proposition only where it went further and decided another, its decision thereon is binding on the Court of Civil Appeals.

6. BANKRUPTCY ⬤⇒140(1) — TRUSTEE OF CONDITIONAL BUYER—TITLE.

Although a conditional sale contract provided that a sale by the buyer would vest title, the buyer had the legal title subject to a mortgage until such sale was made in view of Rev. St. 1911, art. 5654, declaring the reservation of title to secure purchase money to be a chattel mortgage, and such title and none other passed to the trustee in bankruptcy under Bankruptcy Act July 1, 1898, § 70, subd. "a," (U. S. Comp. St. 1916, § 9654), providing that the trustee shall be vested with the title of the bankrupt.

Appeal from District Court, Bell County; F. M. Spann, Judge.

Action by M. C. H. Park, trustee in bankrutcy, against the South Bend Chilled Plow Company. Demurrer to petition sustained, judgment thereon, and plaintiff appeals. Affirmed.

J. D. Williamson, of Waco, for appellant. D. H. Doom, of Austin, for appellee.

### Findings of Fact.

JENKINS, J. Appellant, trustee in bankrutcy of the estate of Skinner Mercantile Company, of Rogers, Bell county, Tex., brought suit to recover the title to certain agricultural implements, and to cancel alleged liens thereon claimed by appellee. He alleged that the Skinner Mercantile Company purchased said goods of appellee under a written contract, by the terms of which it was agreed that appellee retain title to same until they were fully paid for, and that proceeds of the sales of same should be held in trust for appellee; that it was agreed in said contract that said goods were to be daily exposed for sale, and sold by said mercantile company in their usual course of trade, and that title thereto would by such sales be vested in any purchaser who might buy the same; that said written contract was filed in the office of the county clerk of Bell county as a chattel mortgage a short time prior to the filing of the petition in bankruptcy by Skinner Mercantile Company; that said goods were unsold when such petition in bankruptcy was filed, and were in the possession of appellant as trustee for said bankrupt estate, and that title thereto is vested in him as such trustee; that by virtue of the laws of the state of Texas, the attempted reservation of title constitutes said contract a chattel mortgage, and that the same is void under the laws of this state; that by virtue of the act of Congress he, as such trustee, has all the rights in said property that could have been acquired by a creditor who had fixed a lien thereon by any judicial process; that he is the owner of said goods for the further reason that the Skinner Mercantile Company might, as of the date it was adjudged a bankrupt, have transferred said goods and passed title thereto to the

purchaser, under the terms of said contract with appellee.

The court sustained a demurrer to said petition, and from judgment thereon appellant has perfected this appeal.

### Opinion.

In 1879 the Legislature of this state passed an act providing for assignments by debtors for the benefit of their creditors. The seventeenth section of that act reads as follows:

"Every mortgage, deed of trust, or other form of lien attempted to be given by the owner of any stock of goods, wares or merchandise daily exposed to sale, in parcels, in the regular course of the business of such merchandise, and contemplating a continuance of possession of said goods, and control of said business, by sale of said goods by said owner shall be deemed fraudulent and void." Acts 16th Leg. c. 53.

This section was omitted from title 8, Assignment for Creditors, in the Revised Statutes of 1895, but was carried forward as article 2548, title 50, relating to Frauds and Fraudulent Conveyances, and is now article 3970 of the Revised Statutes of 1911. Article 5654 of the Revised Statutes of 1911, passed in 1885, reads as follows:

"All reservation of the title to or property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and registered as required [by law] of chattel mortgages."

[1] There is no such thing, either at common law or by our statute, as a vendor's lien to secure the purchase price of a chattel after it has been delivered to the purchaser. Lewis v. Steiner, 84 Tex. 365, 19 S. W. 516. But for article 5654, supra, the contract here under consideration would not have been a mortgage. The transaction would have amounted to a conditional sale, and no title would have passed to the Skinner Mercantile Company until the notes executed by it for the purchase money had been paid. Bank v. Tufts, 63 Tex. 115. But our statute (article 5654, supra) expressly declares such transactions to be chattel mortgages, and in all cases, so far as we know, not involving the construction of article 3970, supra, it has been so held.

In Harling v. Creech, 88 Tex. 301, 31 S. W. 357, Mr. Justice Brown, speaking for the court, said:

"The language, 'all reservations of title to or property in chattels as a security for the purchase money thereof, shall be held to be chattel mortgages,' is plain, and admits of no other construction. Whenever the transaction assumes that shape, the law gives it the character of a chattel mortgage."

In Crews v. Harlan, 99 Tex. 97, 87 S. W. 656, 13 Ann. Cas. 863, Chief Justice Gaines said:

"The effect of the statute is to change the nature of the contract from that of a sale, to take effect so as to pass the title only upon the

payment of the purchase price, to a mortgage to secure the debt."

[2] Such being the law of this state, appellee's chattel mortgage having been filed for record prior to the filing of the petition for bankruptcy, appellant is not entitled to have appellee's mortgage lien canceled without first tendering appellee the amount due thereon, unless said mortgage is void by virtue of article 3970, supra.

[3] Section 47, subd. "a," cl. 2, of the Bankruptcy Act provides that trustees in bankruptcy "as to all property in the custody, or coming into the custody of the bankrupt court, shall be decreed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon." U. S. Comp. St. 1916, § 9631. So, if appellee's mortgage was void as to a creditor who had fixed a lien on the property in controversy the day the petition in bankruptcy was filed, it is void as to appellant.

[4] As an original proposition, the writer would hold that article 3970 applies to the instant case, unless it should be held not to apply for the reason that the specific articles mentioned in the contract here under consideration are not "any stock of goods, wares, or merchandise daily exposed to sale in parcels," etc., within the meaning of said article. In view of the disposition which we make of this case, it is unnecessary for us to decide this point.

But, in Bowen v. Lansing Wagon Works, 91 Tex. 385, 43 S. W. 872, in which the facts were substantially the same as in the instant case, in so far as concerns the point now under consideration, it was held by our Supreme Court that article 3970 did not apply, for the reason that the transaction was "a reservation by the vendor and not any form of lien attempted to be given by the owner." I do not think this proposition is sound. It is true that the parties there, as here, intended to reserve title in the seller. But, as said by Chief Justice Gaines, in the excerpt above given from Crews v. Harlan, the statute in such cases passes the title to the purchaser. Parties to a contract are conclusively presumed to have intended the legal consequence of the language deliberately used by them. The contract having passed the title to the purchaser, and it being in law a chattel mortgage given by him, it was, in my opinion, a "form of lien attempted to be given by the owner," which, if it comes within the condemnation of article 3970, supra, is void. However, as the decision in the Bowen Case was rendered by our Supreme Court, and has been followed by Courts of Civil Appeals in Mayfield v. Harlan, 184 S. W. 313, Hall v. Keating, 33 Tex. Civ. App. 526, 77 S. W. 1054, and in Mansur v. Beeman, 45 S. W. 729, and by the federal court in Re Raney (D. C.) 202 Fed. 1003, and in Re Anson (D. C.) 203 Fed. 871, and has doubtless become the basis of numerous commercial transactions, I feel

constrained to yield to its authority, and, speaking now for the court, we overrule appellant's contention in this regard.

[5] Appellant insists that we should not be controlled in the instant case by the decision in the Bowen Case, for the reason in that case those who had accepted under the assignment were not creditors who had fixed their liens by any judicial process. The court might have rested its decision in that case upon that point only, but it did not do so. It decided the other point also.

[6] We also overrule appellant's assignment to the effect that the demurrer to his petition should have been overruled for the reason that section 70, subd. "a," of the Bankruptcy Act provides that the trustee shall be vested with the title of the bankrupt, as of the date he was adjudged a bankrupt, to all property which prior to the filing of the petition he could have transferred.

It is true that appellee could have transferred the property in question at any time prior to his becoming a bankrupt, and the purchaser would have acquired a perfect title thereto. But he had not done so. The title which he had was the legal title subject to the mortgage which he had given. This title and none other passed to the assignee.

For the reasons stated, we affirm the judgment of the trial court herein.

Affirmed.