CROW, HARGADINE & CO. ET AL. V. RED RIVER COUNTY BANK.

1. ATTACHMENT CREDITOR — RECEIVER. — A mortgagee of personal property to secure a debt above the jurisdiction of the County Court, has the right to maintain an action in the District Court to protect his interest, as against attachment creditors prosecuting suits in the County Court and levying upon the mortgaged goods. It was proper in the District Court to appoint a receiver to administer the goods subject to the orders of the court and the respective liens to be adjusted in the suit.
2. INDORSER — MORTGAGE.—That an indorser of the note secured by such mortgage is not alleged to have been insolvent, will not defeat the right to equitable interposition to protect the property mortgaged.
3. MORTGAGE—SUFFICIENT DESCRIPTION.—The following description of property held sufficient in a mortgage, viz.: "All goods of whatever description which we have at Annona, Texas; also the stock of goods which we have at Dalby Springs, Bowie county, Texas."
4. MORTGAGE—AGENCY.—In this case the mortgagor remained in possession of the goods. The mortgage contained no stipulation for such possession, nor authority to the mortgagor to sell the goods. He, in fact, did sell, but as the agent of the mortgagees, and accounted to them for the proceeds: Held, That the mortgage was not therefore void.
5. DISTINGUISHED.—The case of Peiser v. Peticolas, 50 Tex., 638, distinguished from this case.

6. FRAUD.—Where a mortgagor remains in possession and, as agent of the mortgagee, sells the goods mortgaged to secure a *bona-fide* debt, and applies the proceeds to the payment of the debt, the fact of the mortgagor remaining in possession would not, of itself, render the mortgage void. But such contracts should not be encouraged by courts.

APPEAL from Red River. Tried below before the Hon. Joseph Bledsoe.

Suit was instituted in the District Court of Red River county on October 25, 1877, by the Red River County Bank, a corporation incorporated on September 24, 1874, under an act of the Legislature of April 23, 1874, against W. T. & George W. Voiers, T. H. Young, J. L. Bryarly & Co., Crow, Hargadine & Co., Gilkerson & Gloss, Rodner D. Wells & Co., Heidenheimer & Bros., and a number of other defendants, on three promissory notes for $400 each.

Plaintiff alleged that the bank was the owner of the notes; that they were executed by W. T. & George W. Voiers to T. H. Young, and at the same time a mortgage was executed on a stock of goods at Annona and at Dalby Springs to secure their payment; that Young indorsed the notes to appellee; that on October 10, 1877, W. T. & George W. Voiers made an assignment of the goods mortgaged to J. T. Fleming; that Fleming had taken possession of them, and averring fraud, the invalidity, &c., of the assignment; that on or about October 10, 1877, Crow, Hargadine & Co. and other creditors named sued out attachments in the County and Justices' Courts of Red River county in their favor against W. T. & George W. Voiers, and had them levied on by the sheriffs named upon the goods mortgaged, and that the other creditors named of W. T. & George W. Voiers who had not attached had threatened to do so, and were then preparing their papers. Plaintiff set up its lien by virtue of the mortgage; that the goods were liable to waste by being tied up in complicated litigation, and that the security for the debt would be lost, &c. Plaintiff prayed for a writ of injunction against all of the defendants, and asked that a receiver be appointed.

On October 24 the court granted the injunction, fixed the bond, and appointed a receiver.

The assignee set up the following defenses: General and special demurrer, general denial, and special answer attacking the mortgage for fraud, insufficiency, &c., and averring the good faith and validity of the assignment, and moved to dissolve the injunction and sustain the assignment.

The attaching creditors set up the following defenses: (1) Plea to the jurisdiction of the court; (2) general and special demurrer; (3) general denial; (4) special answer—averring fraud in the mortgage, the relations of Voiers and Young to the appellee, the excessive amounts of goods mortgaged; that the possession remained in the mortgagors, &c.; and moved to dissolve the injunction.

Appellants also demurred generally and specially to the assignee's answer, and averred fraud and invalidity in the assignment. The court dissolved the injunction.

On November 27 the appellee amended the petition and moved to reinstate the injunction.

On December 13 the appellants amended their answer, setting up that they had instituted suits in the County and Justices' Courts; that the injunction had been dissolved, and asked that the receiver be ordered to turn over the proceeds of the goods, &c.

J. H. McLean, W. H. Bagby & Co., and E. H. Britton intervened, and claimed a portion of the goods in the hands of defendants Voiers to be sold on commission. A jury was waived, the cause submitted to the court, and judgment rendered for appellee for the amount of the debts against W. T. & George W. Voiers and Young, foreclosing the mortgage on the goods, ordering the receiver to pay over the proceeds to appellee, giving judgment in favor of the intervenors for their amount of goods sold by the receiver, and reinstating and perpetuating the injunction.

The appellants Crow, Hargadine & Co., Gilkerson & Gloss,

and Claflin, Allen & Co., moved for new trial, excepted to the rulings of the court, assigned errors, and appealed.

*G. T. & C. S. Todd*, for appellants.—The original briefs filed by appellants' counsel have not been received, but in a supplemental brief, after obtaining leave to cite additional authorities, they cited Peiser *v.* Peticolas, 50 Tex., 638.

*Sims & McDonald*, for appellee.

I. The mortgage, as executed, was a valid legal instrument in law and in fact, because (1) the consideration for the mortgage was Voiers' indebtedness to the bank for $1,200; (2) Young was an accommodation indorser; (3) the mortgagors considered themselves solvent at the execution of the mortgage, but not at the execution of the assignment and when the goods were attached; (4) there was no pressing indebtedness at the time of the execution of the mortgage except the bank debt; (5) the property mortgaged, under the circumstances, was not excessive in amount; (6) the mortgage was not given on all the property of mortgagors, George W. Voiers having real estate, bank stock, and personal effects not included; (7) the goods, &c., were left in the hands of W. T. Voiers, as the agent and clerk of the bank, to sell and pay the proceeds to the bank; (8) the account was kept, and the proceeds of the goods sold were paid to the bank; (9) the court deducted the amount of goods sold from appellee's claim; (10) the mortgage was made in good faith to secure the bank, and not to hinder, delay, or defraud creditors; (11) the goods added were to fill up the stock—were a separate transaction; the goods were not mixed, and were settled for by W. T. Voiers with the parties from whom they were purchased. (Lucketts *v.* Townsend, 3 Tex., 129; Gregg *v.* Gregg, 33 Tex., 470; Hall *v.* Hall, 11 Tex., 547; Baldwin *v.* Peet, 22 Tex., 715; Herm. on Chat. Mort., pp. 103, 108, 234, 244, 245, 253–255, 248, and authorities cited in note; Kleine *v.* Katzenberger, 20 Ohio St., 110; Ford *v.* Williams, 24 N. Y., 359; Conkling *v.* Shelley, 28 N. Y.,

360; Bump on Fraud. Con., 73; Forbes *v.* Parker, 16 Pick., 462; Shurtleff *v.* Willard, 19 Pick., 202; Bullock *v.* Williams, 16 Pick., 33; Hughes *v.* Cory, 20 Iowa, 399; McGavran *v.* Haupt, 9 Iowa, 83; Smith *v.* Moore, 11 N. H., 55; Barker *v.* Hall, 13 N. H., 298; Donaldson *v.* Johnson, 2 Chand., (Wis.,) 160; Clary *v.* Frayer, 8 Gill & J., 398; Hambleton's Executor *v.* Hayward, 4 Harr. & J., 443; Gregory *v.* Perkins, 4 Dev. Law, 50; McGowen *v.* Hoy, 5 Litt., 239; Laughlin *v.* Ferguson, 6 Dana, 120; Saunders *v.* Pepoon, 4 Fla., 465; Robinson *v.* Elliott, 22 Wall., 513; Miller *v.* Whitson, 40 Mo., 97; Forkner *v.* Stuart, 6 Grat., 197; Curd *v.* Miller's Executors, 7 Grat., 185; Briggs *v.* Parkman, 2 Metc., 258; Jones *v.* Huggeford, 3 Metc., 515; Macomber *v.* Parker, 14 Pick., 497; Barnard *v.* Eaton, 2 Cush., 294; Cobb *v.* Farr, 16 Gray, 597; Codman *v.* Freeman, 3 Cush., 306; Abbott *v.* Goodwin, 20 Me., 408; Mitchell *v.* Winslow, 2 Story, 635; Stedman *v.* Vickery, 42 Mc., 132; Gay *v.* Bidwell, 7 Mich., 519; Brett *v.* Carter, 3 Cent. Law Jour., 286.)

II. Injunction was the proper remedy. ( Click *v.* Stewart, 36 Tex., 280; High on Injunc., arts. 12, 25; Crews *v.* Burcham, 1 Black, 352.)

III. If the goods had remained in the hands of the assignee and been sold, or had the sheriff been permitted to sell them by piecemeal, appellee would have been remediless.

IV. The mortgagors had the right to prefer a creditor. (Van Hook *v.* Walton, 28 Tex., 76; Baldwin *v.* Peet, 22 Tex., 716; Burrill on Assign., pp. 88, 89.)

V. This was a proper case for the appointment of a receiver. (Shulte *v.* Hoffman, 18 Tex., 681; Davis *v.* Gray, 16 Wall., 218; Edwards on Receivers in Chancery, pp. 64, 182.)

BONNER, ASSOCIATE JUSTICE.—We are of the opinion that the plea to the jurisdiction of the District Court was not well taken. This court, and not the County Court, had jurisdiction of the demand of appellee, the Red River County Bank, the amount of the principal being $1,200.

The petition of the bank alleged that the property mortgaged to secure this debt had been seized under writs of attachment from the County Court, which were subordinate to the lien of the ·mortgage; that the same was liable to waste, &c. The bank could not intervene in the attachment suits for want of jurisdiction in the County Court over its claim, and was virtually remediless unless the jurisdiction of the District Court could be invoked and the other creditors be restrained from further proceedings under their attachments until the respective rights of all the parties could be ascertained. This was sought to be effected by the suit in the District Court, in which all the creditors were made parties, and the property protected by the appointment of a receiver.

This jurisdiction is analogous to that exercised by a court of chancery, where its jurisdiction is separate from that of a court of law, by which it is the common practice to enjoin proceedings at law, though had in a court of equal dignity, but inadequate to administer the appropriate relief until the rights of the parties could be adjusted. ·

By express constitutional provision, the District Court has power to issue writs of injunction and all other writs necessary to enforce its own jurisdiction. (Const. of 1876, art. 5, sec. 8.)·

The fact that T. M. Young, the indorser of the notes, is not alleged to be insolvent, would not defeat the right of the bank to ask the equitable interposition of the court, as it had the right to rely upon the security given by the mortgage. (Paschal's Dig., art. 1479; Delespine *v.* Campbell, *infra*, 4.)

The second and fourth errors assigned raise the question of the validity of the mortgage for want of certainty in the description of the property mortgaged. This is as follows: "All of the stock of dry goods, groceries, &c., and all goods of whatever description which we have at Annona, Texas; also the stock of goods which we have at Dalby Springs, Bowie county, Texas."

The description of the property mortgaged should be so sufficiently certain that it can be reasonably identified from other

similar articles, and should be such as would enable third parties to ascertain the same by the aid of those inquiries which the mortgage itself indicates and directs. (Herm. on Chat. Mort., sec. 37.)

If thus certain, then a schedule or other specific description need not be given, however advisable that this be done. (Linn v. Wright, 18 Tex., 317.)

The following description of property contained in a mortgage has been decided to be sufficient: "All the dry goods, boots and shoes, millinery goods, and gentlemen's furnishing goods, and stock in trade then in the store occupied by the mortgagors." (Conkling v. Shelley, 28 N. Y., 360; Gardner v. McEwen, 19 N. Y., 123.)

The mortgage under consideration does not purport to convey an undefined part of a stock of goods, but all of the goods, groceries, &c., belonging to the mortgagors in two certain named places. Although the description is not so certain as would be desirable, yet, we think, sufficiently so for the property, upon inquiry, to be found and identified; and in view of this, and in the light of the above authorities, we are of opinion that the mortgage should not be held void for want of sufficient description.

Under the fifth alleged error, the appellants submit the question, that the mortgage is void in law without regard to the *bona fides* or *mala fides* of the parties, and also that it is void in fact.

In the case of Peiser v. Peticolas, 50 Tex., 638, this court decided that a mortgage upon a stock of goods, when the mortgagor retains possession and, with the knowledge and consent of the mortgagee, sells them in the usual course of trade, and applies the proceeds to replenish the stock, and not to the payment of the debt, was void as being against public policy and inconsistent with the true purposes of a mortgage; that if the intent and purpose of the parties to make such a mortgage are manifest from the terms of the instrument itself, it should be declared void by the court; that if not thus shown, then it is a

question of fact for the jury, who should find against the valid-
ity of the mortgage, if this intent and purpose are shown by
uncontradicted testimony.

The mortgage in this case is in the usual form, and does not
contain any stipulation that the mortgagors should remain in
possession of the goods and sell them in the usual course of
trade, and apply the proceeds to their own benefit or to the
purchase of other goods.

The testimony tended to prove, that though the mortgagors
remained in possession and sold the goods, they did so as agents
of the mortgagees.

If a mortgage be given on a stock of goods to secure a *bona-
fide* debt, the fact that the mortgagors remained in possession
and sold the same as agents of the mortgagees, and applied
the proceeds to the payment of the debt, would not, of itself,
render the mortgage void. Such contracts should not be en-
couraged by the court, as they have a tendency to throw open
too wide the door for possible fraud. One objection to them,
however, would be obviated if the mortgagee be held account-
able for a proper disposition of the property and application
of the proceeds.

In this case, the bank was charged by the judgment below
with the amount of the proceeds of the goods sold.

The testimony further tended to prove, that though other
purchases were made of staple articles for the purpose of mak-
ing the mortgaged stock salable, they were not mixed with the
original stock, and that the proceeds of the sale of the same
were kept separate and applied to their payment.

Although there were strong badges of fraud connected with
the transaction, yet they did not necessarily constitute such legal
fraud as would have authorized the court below to declare the
mortgage void as a question of law, and the facts of the case
do not come within that of Peiser *v.* Peticolas, 50 Tex., 638.
(Herm. on Chat. Mort., sec. 103.)

Whether the mortgage was fraudulent in fact, was directly
submitted to the court, and we cannot say that the weight of

evidence was so strong against the good faith of the transaction as, under the rules of practice, would authorize us to reverse the judgment.    The same is accordingly affirmed.

AFFIRMED.

[Opinion delivered December 12, 1879.]