## GARRETT & CO., Inc., et al. v. MERCANTILE NAT. BANK OF MIAMI BEACH.

No. 9860.

Circuit Court of Appeals, Fifth Circuit.

June 20, 1941.

Emett C. Choate, of Miami, Fla., for appellants.

Louis Heiman, of Miami, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The proceeding was in bankruptcy on a petition of creditors, to set aside a chattel mortgage on cases of wine, part of bankrupt's stock, and to recover payments made on account thereof. The claim was that the mortgage was void because the mortgagor was allowed to remain in possession of the wine and to dispose of it in the usual course of business. The defense was a denial that this was so and an affirmative claim; that at the time and as a part of the agreement for the loan, it was distinctly agreed and understood; that the mortgagor was not to be in possession of the mortgaged cases with the right to dispose of them in the usual course of business; that the cases were to be identified and marked as the bank's, and segregated from the other stock; that the bank was to be in possession thereof; that the proceeds, except a small portion, of the sales thereof, should belong to and be applied upon the mortgage debt of the bank; and that this agreement was faithfully carried out.

The referee, basing his conclusion on the law of Florida, as he understood it to be set out, in First National Bank v. Wittich, 33 Fla. 681, 15 So. 552, found for the creditors; the district judge, basing his opinion upon his understanding of the law as decided in the same case, found for the bank. Appellant and appellee are here each with equal assurance, still relying on that case. Since the referee, the district

judge and the litigants each purports to find in that case, an authoritative guide to the position each takes, it is evident that the case is one of those, not uncommon in the law, which presents the difficulty of squaring its result with the principles upon which it purports to base them. A careful examination of it makes it clear why this is so. For, while it is full of general expressions to the effect, that a chattel mortgage on goods in the possession of a mortgagor and exposed for sale by him in the usual course of his business, is void, and nothing can cure this invalidity, the judgment went in favor of the mortgagee. But this was on the ground that after the mortgage had been given and the relation of mortgagor and mortgagee had been for some time in existence, this relation was changed by a new and independent agreement, under which the mortgagor as the agent of the bank, took charge of the warehoused goods and sold them for the bank, applying the proceeds to the debt, taking out however, a part to cover expenses, including a salary to the mortgagor as the bank's agent. The conclusion was that while, because possession was left with the mortgagor and the goods were exposed for sale in the usual course of business, the mortgage was void in law from the start, and could not sustain a recovery, or support the bank's action, the position of the bank as mortgagee out of possession was later changed by agreement so that the bank was no longer mortgagee but pledgee, and, in possession of the goods through the mortgagor as its agent, it held the goods as pledgee. The case then is in the creditor's favor, in its general denunciation of chattel mortgages on stocks of goods, left in the possession of the mortgagor, to be sold in the usual course of trade. It is in the bank's favor, in its holding, that where the relation is not that of chattel mortgagor and mortgages, with the goods in the debtor's possession, to be sold in the usual course of trade, but the bank is in possession through the debtor as its agent, and the goods are to be sold for the bank's use, though the security is in form, a chattel mortgage, it is in legal effect, a pledge, and the bank as pledgee has a valid claim upon the goods.

We need not concern ourselves here though, with a kind of higher critical analysis of the various statements in the opinion, for it is not a statute and its every word need not be examined as if it were. It must be examined and given effect as a statement of controlling legal principles, not as they are abstractly stated, but as they are given point by their application to the particular facts of that case. That the principles as there set down and applied are the same as those obtaining generally wherever chattel mortgages on stocks of goods exposed for sale are held void, either at common law or under statute, is made plain in an extended note to 73 A.L.R. 269.[1] The heart of the principle is to be found in the fact of whose possession the goods are really in and whether the goods are exposed for sale "in the usual course of trade." Under this principle, mortgages on stocks so held and exposed are void. Such a situation is always a badge of fraud, since the implications of the mortgage that the goods are to be held for and appropriated to payment of the mortgage debt are nullified by the overriding agreement with the mortgagor that he can take them and sell them as his own.

Mortgages on stocks of goods exposed for sale under an agreement, as here, for identification and segregation, that the goods are held for the mortgagee, and that the proceeds of their sale will be held for and paid to mortgagee, are valid. For goods, so held and exposed, are not goods delivered to the unrestricted possession of mortgagor and exposed for sale by him in the usual course of trade.

This is the gist and heart of the matter. If, under the facts as found, the mortgagor was in possession of the wine, exposing it for sale in the usual course of trade, the mortgage is void. If on the other hand the mortgagor as agent for the mortgagee was holding the goods under an agreement to apply, and was applying the proceeds to the debt, the arrangement is a consistent one throughout and the chattel mortgage is valid. The referee found; that the transaction was bona fide; that the bank advanced the money in good faith; that the cases covered by the mortgage were

---

[1] There, decisions from 31 states are cited in support of the following proposition "where it is provided in a chattel mortgage or by collateral agreement that the mortgagor shall remain in possession of the mortgaged goods and sell them, either as agent of the mortgagee or otherwise, and apply the proceeds to the payment of the mortgage debt, the mortgage is not invalid."

segregated, marked and placed in a locked cage; and that one of the employees of the bankrupt, was made agent of the bank to take charge of them for the bank, and apply their proceeds, except expenses, to the Bank's mortgage.

Upon these findings which are not controverted, the referee was wrong, the district judge was right, in concluding that the mortgage was valid. The judgment is affirmed.