## CITY NAT. BANK OF HOUSTON v. PHILLIPS.

### No. 13287.

United States Court of Appeals
Fifth Circuit.

June 18, 1951.

Rehearing Denied Aug. 3, 1951.

Earl A. Brown, Jr., Houston, Tex., for appellant.

Emory T. Carl, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

This appeal is from a judgment of the United States District Court for the Southern District of Texas confirming, on petition for review, an order of the referee in bankruptcy allowing in part one of two separate security claims filed by appellant, City National Bank of Houston, and disallowing the other.

One claim alleged that the bankrupt, William R. Malone, doing business as Refrigeration Engineering and Sales Company, was indebted to appellant in the amount of $2,194.99, the payment for which was secured by warehouse receipts covering four Bishop Food Freezes and by pledge of one open display case. The trustee conceded the validity of appellant's lien against the portion of the property secured by the warehouse receipts but objected to the allowance of the claim in so far as it related to the open display case.

The other claim alleged that the bankrupt was further indebted to appellant in the amount of $11,172.39, which was secured by a chattel mortgage and by a floor plan agreement. The trustee objected to allowance of the claim on four grounds: (1) that the chattel mortgage is void under Article 4000, R.S. Texas, 1925, Vernon's Ann. Civ.St., as an attempt to give a lien on a stock of merchandise daily exposed for sale; (2) that the attempted trust agreement is void for the reason that it was not filed for record as required by law; (3) that the security agreements constituted a transfer in violation of the Texas Bulk Sales Act, Article 4001, R.S. Texas, 1925; and (4) that the claimant, within four months prior to the institution of these proceedings, had received payments which constituted voidable preferences.

A hearing was had and thereafter the referee made findings of fact and conclusions of law which, save for the alleged violation of the Bulk Sales Act, fully sustained the trustee's contentions. Accordingly, the referee allowed the first mentioned claim as a secured claim, with the exception of the one open display case, and allowed the second claim as an unsecured claim subject to restoring $1,186.00 which the referee found to be a voidable preference. The trial judge found that there was evidence to support each and all of the referee's findings of fact and, agreeing with his conclusions of law, affirmed the referee's order.

The principle question presented by this appeal is whether the referee and the court

below erred in holding that the chattel mortgage fell within the scope of Article 4000, R.S. Texas, 1925, which provides that: "Every mortgage, deed of trust, or other form of lien attempted to be given by the owner of any stock of goods, wares or merchandise daily exposed to sale, in parcels, in the regular course of business of such merchandise, and contemplating a continuance of the possession of said goods by said owner, shall be deemed fraudulent and void * * * ."

The material facts, so far as they need be stated, are these: On September 25, 1948, the bankrupt was indebted to appellant in the amount of $10,500, representing the unpaid balance on a pre-existing indebtedness. On September 29, 1948, appellant loaned the bankrupt the additional sum of $5,000 in cash and the bankrupt executed a note payable to the order of appellant in the total amount of $15,500.00 and contemporaneously therewith executed and delivered to appellant, as security for the payment of the note, a chattel mortgage [1] on certain described electrical equipment located at the bankrupt's place of business. In addition to the chattel mortgage, the parties entered into a floor plan agreement whereby each item of the crated electrical equipment covered by the chattel mortgage was to be set aside in the storeroom of the bankrupt's place of business and was to be marked "City National Bank." The chattel mortgage was promptly filed for record and the goods were marked as agreed. The various items of electrical equipment were kept in the bankrupt's storeroom and not on display. Nonetheless, all items on hand, whether located in the display room or the storeroom, were

offered for sale and sold indiscriminately, without first obtaining the written consent of the appellant. This was known to appellant, who made regular inspections of the goods in order to determine whether they were properly tagged and whether any of the goods had been sold and not accounted for. When and as sales were made of property described in the chattel mortgage, the bankrupt would remit to appellant an agreed amount.

It further appears that appellant loaned to bankrupt on December 18, 1948, the sum of $2,517.34 to cover a shipment of electrical equipment consigned to the bankrupt with draft and bill of lading attached. The equipment was delivered by the carrier direct to a public warehouse which issued warehouse receipts to appellant, City National Bank of Houston. Thereafter, as evidenced by letter dated December 27, 1948, appellant permitted the bankrupt to remove one open display case to be used for exhibition purposes. This letter was not recorded.

It has been said that the statute, formerly Section 17 of the Act of March 24, 1879, later Section 2548, Revised Statutes of Texas, 1895, and now Article 4000, R.S. Texas, 1925, is but a declaration of a rule of the common law. Bettes v. Weir Plow Co., 84 Tex. 543, 19 S.W. 705, 706; Parker v. American Exchange Bank of St. Louis, Tex.Civ.App., 27 S.W. 1071, 1074; Trice v. American Trust & Savings Bank, Tex. Civ.App., 259 S.W. 993, 995; Twyne's Case (1601) 76 Eng. Reprint 809. Under the common law whenever the mortgagor and mortgagee agree that the mortgagor may retain possession and sell and dispose of the goods mortgaged, without a further

---

1. The chattel mortgage provided in part as follows: "Until default is made hereunder by mortgagor, mortgagor shall remain in possession of said properties and chattels, but mortgagor, except upon written consent of mortgagee, first obtained, shall neither sell, mortgage, rent, transfer nor secrete said properties and chattels nor permit the same to go out of Mortgagor's possession, nor use the same for any purpose other than for exhibition until all indebtedness hereunder shall have been fully paid in cash. Mortgagor further agrees to keep a sep- arate account of all properties and chattels held by mortgagor under this instrument and of the proceeds thereof when sold, and to keep the proceeds of such sale or sales duly earmarked and separate from mortgagor's funds, and to report promptly to mortgagee any and all sales of any of said properties and chattels, and remit the proceeds thereof to mortgagee immediately after any such sale and to furnish mortgagee on demand, as often as requested, a true and complete report in respect thereof for the then preceding month."

agreement to the effect that the proceeds of the sale shall be applied to the payment of the debt due, the mortgage is void. This rule has generally been rested on some supposed inconsistency between the true purposes of a mortgage, to provide for the ultimate benefit of the mortgagee a security for the debt, and the reserved power in the mortgagor to sell the goods for his own use and benefit. Peiser & Co. v. Peticolas, 50 Tex. 638, 647; Crow v. Red River County Bank, 52 Tex. 362; Brown v. Leo, 2 Cir., 12 F.2d 350; Garrett & Co. v. Mercantile Nat. Bank, 5 Cir., 120 F.2d 821. The doctrine has nothing to do with ostensible ownership [2] and recording the chattel mortgage does not save it. First National Bank of Stephenville v. Thompson, Tex.Com.App., 265 S.W. 884. It is the generally accepted rule that where it is provided in the mortgage, or by collateral agreement, that the mortgagor shall remain in possession and sell the goods, either as agent of the mortgagee or otherwise and apply the proceeds to the payment of the debt, the mortgage is not invalid. But, regardless of what the law may be in other jurisdictions [3] and regardless of what the early common law decisions in Texas may have indicated,[4] we have no doubt but that under the more recent decisions of the courts of the State of Texas, which are controlling, the chattel mortgage must be deemed fraudulent and void under the provisions of Article 4000, R.S. Texas, 1925, despite the fact that under the agreement the proceeds of the sales were to be applied to payment of the debt. B. F. Avery & Sons v. Waples, 19 Tex.Civ.App. 672, 49 S.W. 151, writ of error denied by Supreme Court; Texas Bank & Trust Co. v. Teich, Tex.Civ.App., 283 S.W. 552, writ of error refused; Wilber v. Kray, 73 Tex. 533, 11 S.W. 540; In re Raney, D.C., 202 F. 996, 999. For the bankrupt, in violation of the mortgage agreement, retained possession of the goods as a part of the stock of electrical equipment daily exposed to sale in the regular course of business and continued to sell them in the regular course of trade.

Appellant further complains that the referee refused to permit it to prove its oral floor plan agreement with the bankrupt. We do not so interpret the record. Its witness, Menasco, testified at length as to the terms and operation of the floor plan agreement and the referee did not restrict his testimony in any way. After appellant had rested its case and during a colloquy in respect to the propriety of permitting appellant to attack the credibility of the witness Malone, the referee said, "I am not permitting you to establish any oral agreement." Neither the referee nor appellant made any mention of the floor plan agreement and we cannot determine from the record whether that was the oral agreement which the referee had in mind. But, be that as it may, the floor plan agreement was established in the evidence and we have considered it in arriving at our decision.

The other points raised by appellant have been carefully considered and do not merit discussion.

Affirmed.

---

2. Brown v. Leo, 2 Cir., 12 F.2d 350, supra.

3. Garrett & Co. v. Mercantile Nat. Bank, 5 Cir., 120 F.2d 821, supra; 73 A.L.R. 237; 10 Am.Jur. § 162; Collier Bankruptcy Manual, § 70.40; Brown v. Leo, 2 Cir., supra.

4. Crow v. Red River, supra.