FIDELITY CORPORATION OF MICHIGAN *v.* ASSOCIATES DISCOUNT CORPORATION.

1. CHATTEL MORTGAGES—CONDITIONAL SALES CONTRACT—ASSIGNMENT FOR CASH.

   The sale of a motor vehicle, subject to a duly filed floor plan chattel mortgage, on a conditional sales contract and the assignment of the mortgagor's interest in the contract for cash *held*, to be the equivalent of a sale for cash permitted by the chattel mortgage.

2. SAME—CONDITIONAL SALES CONTRACT—CASH SALE—TRUSTS.

   The cash purchaser of the vendor's interest in a title-retaining conditional sales contract relating to motor vehicle subject to a duly filed chattel mortgage is entitled to the proceeds of its investment and does not hold them in trust for the benefit of the chattel mortgagee, where chattel mortgage permitted sale for cash of the vehicle in the regular course of business but mortgagor failed to turn over to mortgagee amount received from its assignee in a transaction which was the equivalent of a sale for cash.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 10 Am Jur, Chattel Mortgages § 193.
[1, 2] Chattel mortgagee's consent to sale of mortgaged property as waiver of lien. 97 ALR 646.

Appeal from Kent; Searl (Fred N.), J. Submitted June 16, 1954. (Docket No. 72, Calendar No. 46,197.) Decided October 4, 1954. Rehearing denied November 29, 1954.

Bill by Fidelity Corporation of Michigan against Associates Discount Corporation to impress trust on purchase money received on sale of automobiles which had been previously financed under floor plan chattel mortgage. Bill dismissed. Plaintiff appeals. Affirmed.

*Mitts, Smith & Haughey,* for plaintiff.

*Uhl, Bryant, Slawson & Wheeler,* for defendant.

SHARPE, J. The Laketon Motor Sales is a partnership engaged in the sale of motor vehicles in the city of Muskegon. On July 22, 1953, they made and executed to plaintiff a floor plan chattel mortgage on a Buick automobile for the sum of $2,500. Similar mortgages were given on a Plymouth and a Ford automobile. Each mortgage was properly filed and each mortgage contains the following provision:

"That said mortgagor shall retain possession of said merchandise during the existence of this mortgage and shall not use the same in any way except to display them on his lot at city of Muskegon, State of Michigan; that said mortgagor may sell each of said merchandise in the regular course of his retail trade at the usual retail price for cash or upon such terms and conditions as the mortgagee may approve in writing; that in the event the mortgagor sells any one or more of such merchandise, said mortgagor shall immediately pay over to the mortgagee the proceeds thereof to the extent of the amount due hereunder and until such payment shall hold such funds in trust for the mortgagee separate from mortgagor's own funds and shall not loan, deliver, pledge, mortgage or otherwise dispose of or transfer any interest in said property."

The Laketon Motor Sales sold the 3 automobiles, and the purchaser of each automobile executed a document designated "Michigan Instalment Sales Contract," by which he agreed to pay to Laketon Motor Sales the balance due on the purchase price. In each case the purchaser's contract was assigned to Associates Discount Corporation, defendant, "without recourse." The Laketon Motor Sales failed to pay plaintiff from the funds received from the sale of the automobiles.

On October 21, 1953, plaintiff filed a bill of complaint against defendant, and the relief asked is that defendant "be declared to be a trustee for the benefit of plaintiff of any and all sums received on the aforesaid conditional sales contracts." The cause came on for trial, and at its conclusion the trial court entered a decree dismissing plaintiff's bill of complaint. In an opinion, the court stated:

"Here the plaintiff is not seeking to enforce its mortgage lien upon the mortgaged vehicle. Instead, it seeks to impress a trust upon the contract by which the dealer sold the vehicle and which it assigned to the defendant. To do this, it must find in the floor plan mortgage the language which creates such trust or which gives to plaintiff a lien upon the sales contract. * * *

"Plaintiff's mortgage expressly authorized the dealer to sell the mortgaged vehicles 'for cash,' and in such case the mortgagee must look to the mortgagor to pay over to it the proceeds of such sales. Plaintiff says that these were not sales for cash, because the dealer took instalment paper for the balance unpaid.

"But what are the 'realities' of the transaction? In what was substantially a part of the same transaction in each case, the dealer assigned without recourse the sales contract to the defendant, and the defendant paid to the dealer exactly the same amount of money which the purchaser would have

paid to the dealer if the purchaser had had cash available to make such payment without financing.

"The result would have been exactly the same in either event: The dealer parted with title to the mortgaged vehicle, the dealer received cash for the purchase price of the vehicle and the mortgage lien was gone.

"The 'realities' of the transaction are that there has been a sale for cash, and plaintiff has not been prejudiced in any degree by the method used to accomplish that result.

"What are 'the specific terms of the floor plan mortgages held by Fidelity' which provided that the sales contracts were held in trust for the mortgagee?

"The only specific terms of the mortgage relative to a trust are that 'said mortgagor shall immediately pay over to the mortgagee the proceeds thereof to the extent of the amount due hereunder and until such payment shall hold such funds in trust for the mortgagee, separate from mortgagor's own funds.'

\* \* \*

"The mortgage was obviously drafted by the plaintiff. It is printed, and in it is printed the name of the plaintiff as mortgagee. Certainly, if plaintiff wished to provide that the dealer—which it permitted to make sales for cash—could not do so by the method here used, it had the means at hand. The mortgage and its meaning should not be extended by construction so as to cut off the rights of a party which has paid its money over to the dealer, thus making it possible for the dealer to make a sale which, for all practical purposes, was a sale for cash."

Plaintiff appeals and urges that where a mortgagor, under a filed floor plan chattel mortgage, has sold the mortgaged property on a title-retaining contract without paying off the mortgage, the first mortgagee is entitled to reach the benefits of the title-retaining contract in the hands of the mortgagor's assignee. Plaintiff also urges that the above

issue is controlled by *National Bond & Investment Company* v. *Union Investment Company*, 260 Mich 307. In the above case defendant, a finance corporation, furnished a dealer with automobiles on the floor plan and accepted and filed a chattel mortgage on each car. The dealer sold one of the mortgaged automobiles under a conditional sales contract and note and then assigned the contract and note to plaintiff. Defendant seized the automobile by virtue of its chattel mortgage, and plaintiff replevined the same. We there said (p 309):

"We need but say that, under the conditional sales contract, the mortgagor retained title to the car. Such title, so retained, remained subject to the mortgage. Plaintiff, under the assignment of the conditional sales contract, acquired no rights beyond those of the mortgagor, its assignor. The assignment of the conditional sales contract was subject to the rights of the purchaser, Harrison, but such rights, if any, did not pass to plaintiff. Plaintiff acquired only the rights of its assignor, the mortgagor, and such rights are subject to the mortgage lien."

In the case at bar plaintiff's chattel mortgages provide:

"Said mortgagor may sell each of said merchandise in the regular course of his retail trade at the usual retail price for cash or upon such terms and conditions as the mortgagee may approve in writing; that in the event the mortgagor sells any one or more of such merchandise, said mortgagor shall immediately pay over to the mortgagee the proceeds thereof to the extent of the amount due hereunder and until such payment shall hold such funds in trust for the mortgagee separate from mortgagor's own funds and shall not loan, deliver, pledge, mortgage or otherwise dispose of or transfer any interest in said property."

Defendant urges, and the trial court held, that the sale of the conditional sales contracts to the defendant for cash are the equivalent to cash sales, as permitted by the above clause of the chattel mortgages. We are of the opinion that plaintiff's chattel mortgages permit sales of vehicles, and the subsequent assignment of the mortgagor's interest in the sale of the vehicles is the equivalent to a sale for cash, as is provided for in plaintiff's chattel mortgages. Under such circumstances the purchaser of the sales contract is entitled to the proceeds of its investment. It follows that the trial court was correct in dismissing plaintiff's bill of complaint. Defendant may recover costs.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.