**DONAHUE INVESTMENT COMPANY, Inc., Appellant,**

v.

**H. E. McMASTERS COMPANY, Appellee.**

No. 5198.

Court of Civil Appeals of Texas.

El Paso.

March 13, 1957.

Rehearing Denied April 3, 1957.

Stowe & Harmon, Gloria T. Svanas, Odessa, for appellant.

Bezoni, Perkins & Kirwan, Midland, for appellee.

FRASER, Justice.

This is an appeal from the District Court of Midland County. The case was tried to the court without a jury, and, at the conclusion of the evidence, the court granted a money judgment in favor of the appellee.

Plaintiff, who is appellee here, brought this action to recover the wholesale value of a number of Bendix freezers. These freezers had been sold by plaintiff to the National Food Club, Inc., at Midland. Plaintiff testified that he understood from M. M. Gilliam, president, that these freezers were to be parceled out to the public on some food purchasing plan. The National Food Club did not have a store or display room in Midland. Plaintiff duly registered and recorded the two conditional sales contracts executed by National Food Club in Midland, the place of delivery of the Bendix freezers, thereby reserving or retaining title in plaintiff until the purchase price was paid. When payments came into default, plaintiff went to Midland to investigate, and discovered that the

freezers were no longer there. It developed that the freezers had been acquired, in some manner not clear from this record, by the Odessa Appliance Company and the Heath Appliance Company. These two companies sold the freezers to the public, and then transferred chattel mortgages and notes taken as part payment therefor, to the Donahue Investment Company, of Odessa, defendant and appellant. Plaintiff alleged the transaction, and asked judgment of the National Food Club and the two appliance companies, and from defendant Donahue Investment Company. He plead conversion, and alleged that he was entitled to the money collected by defendant from the individuals who had executed their various notes and chattel mortgages in favor of the two appliance companies.

The trial court sustained pleas of privilege filed by the appliance companies, dismissed the National Food Club for lack of service, and held the cause of action to be severable. The case then went on to trial between the plaintiff and defendant.

On the basis of the record in this case, we cannot find any ground for recovery by plaintiff against the defendant-appellant, Donahue Investment Company. Donahue simply purchased the notes and chattel mortgages executed by various buyers in favor of one or the other of the two appliance companies. The boxes were sold on a retail market, and the paper purchased by Donahue. It has long been established that the retail buyer, is protected under the provisions of Article 4000, Vernon's Ann.Civ. St., and cases construing the same, and, of course, there is no attempt in this case to hold the actual buyers of the freezers. We do not cite authorities in this opinion because there simply seems to be no ground for recovery by McMasters against the defendant, Donahue Investment Company. The parties were utter strangers, and there was no privity or fiduciary relationship of any kind. Defendant never had possession of the freezers. We therefore must hold that the pleadings and evidence in this case fail to establish any ground for recovery in favor of plaintiff as against the defendant, Donahue Investment Company.

The decision of the trial court is accordingly reversed, and judgment here rendered that plaintiff take nothing from defendant, Donahue Investment Company.

McGILL, J., not participating.