**AIRCRAFT INVESTMENT CORPORATION, a Texas Corporation,**
Plaintiff,

v.

**PEZZANI & REID EQUIPMENT COMPANY, a Michigan Corporation,**
Defendant.

Civ. A. No. 21013.

United States District Court
E. D. Michigan, S. D.
May 4, 1962.

T. G. Daines of Daines & Daines, Highland Park, Mich., for plaintiff.

Frederick McGraw, McGraw, Lynch, McInally & Ferguson, Detroit, Mich., for defendant.

LEVIN, Chief Judge.

This diversity action poses the classic problem of a dispute between a mortgagee of certain goods and the purchaser of these goods at retail from the insolvent mortgagor.

In April 1960, defendant, Pezzani & Reid Company, a Michigan corporation, ordered a new airplane from the now bankrupt Air-O-Fleet Corporation, a Michigan retailer of airplanes. The defendant paid on account a sum in cash. The balance of the purchase price was the agreed value of the defendant's airplane, which was to be turned over to Air-O-Fleet upon delivery of the new airplane. Air-O-Fleet Corporation ordered the new airplane from the manufacturer and requested "90-day floor plan" financing from plaintiff, Aircraft Investment Corporation, a Texas corporation. Plaintiff agreed to so finance part of Air-O-Fleet's purchase, and Air-O-Fleet executed a note and a mortgage on the new airplane on May 2, 1960, for $23,090.83. The mortgage stated:

> "It is therefore agreed that the laws of the State of Texas with respect to chattel mortgages and with respect to the rights of both mortgagee and mortgagor hereunder * * * shall govern and control."

By the terms of the mortgage, Air-O-Fleet was to remit the proceeds of the retail sale of the airplane to plaintiff in payment of the note. Shortly after the execution of the note and mortgage, plaintiff advanced the major part of the wholesale purchase price.

On May 18, 1960, defendant completed its purchase by delivery of its trade-in airplane and took delivery of the new airplane. The following day, plaintiff filed its chattel mortgage for recording with the Federal Aviation Agency. When Air-O-Fleet became bankrupt shortly thereafter, it had not paid its note and mortgage to plaintiff. Plaintiff filed suit to recover the airplane from defendant purchaser or, in the alternative, to recover the amount owing to it under the mortgage. It now moves for summary judgment.

Plaintiff contends that it is entitled to relief because it recorded its interest prior to any recording by defendant under the Federal Aviation Act of 1958. The relevant section of the Act, 49 U.S.C.A. § 1403, provides:

> "(c) No conveyance or instrument the recording of which is provided for by subsection (a) of this section shall be valid * * * against any person other than the person by whom the conveyance or other instrument is made or given, his heir or devisee, or any person having actual notice thereof, until such conveyance or other instrument is filed for recordation in the office of the Administrator * * *.

> "(d) Each conveyance or other instrument recorded by means of or under the system provided for in subsection (a) or (b) of this section shall from the time of its filing for recordation be valid as to all persons without further or other recordation * * *."

■ Defendant, in an affidavit of one of its officers, states that it had no notice of the plaintiff's mortgage until it was recorded. If this be proved, title, free of the mortgage by virtue of paragraph (c), above, passed to defendant when it completed the purchase and took delivery of the new airplane. Whether defendant had actual notice is a question of mate-

rial fact to be settled at trial. An order denying plaintiff's motion for summary judgment will be entered.

During the hearing on this motion, reference was made to two questions of law which, unless disposed of here, may arise during the trial.

Plaintiff suggests that Congress has pre-empted the entire field of conveyancing of interests in aircraft. This view is erroneous, notwithstanding In re Veterans' Air Express Company, 76 F.Supp. 684 (D.N.J.1948), which contains dicta on which plaintiff relies. Congress has said only that until an instrument purporting to convey an interest in an aircraft is recorded, in accordance with the Act, it is void as to third parties without notice. Upon federal recordation, it is valid without further recording. In providing for the recordation of various instruments pertaining to transactions affecting title or interest in aircraft, Congress has not impaired the existence and effectiveness of state laws creating and defining such instruments. Excepting the recording section of the Federal Aviation Act, the validity of the chattel mortgage here in question must be measured by the appropriate state law.

Thus, if the purported chattel mortgage is void as to defendant under the appropriate state law, federal recording will not save it. Even if defendant had notice of plaintiff's mortgage, it may still be able to show reliance on conduct by the plaintiff amounting to a waiver of the mortgage lien, as both Texas and Michigan recognize such waiver. Coleman Production Credit Association v. Mahan, 168 S.W.2d 903 (Tex.Civ.App. 1943); Fidelity Corp. of Michigan v. Associates Discount Corp., 340 Mich. 610, 66 N.W.2d 235 (1954); The First National Bank of Marquette v. Weed, 89 Mich. 357, 50 N.W. 864 (1891).

The other question raised by the parties relates to Article 4000, Vernon's Texas Civil Statutes, which makes void under certain conditions any chattel mortgage on goods "daily exposed for sale." The party asserting the invalidity

of the mortgage under this provision of Texas law need not be a bona-fide purchaser without notice, and recording will not save a chattel mortgage from the strictures of the statute. Donahue Investment Co. v. H. E. McMasters Co., 301 S.W.2d 330 (Tex.Civ.App.1957); Avery & Sons v. Waples, 19 Tex.Civ.App. 672, 49 S.W. 151 (1898); City National Bank of Houston v. Phillips, 190 F.2d 97 (5th Cir. 1951). This statute may protect defendant if, under the Michigan law of conflict of laws, it is applicable to the instant action, and if defendant can show that plaintiff's chattel mortgage is within its terms.