434 P.2d 655

James R. LOCHHEAD, Appellant,

v.

G. A. C. FINANCE CORPORATION OF CAMELBACK, a corporation, Appellee.

No. I CA–CIV 405.

Court of Appeals of Arizona.

Dec. 7, 1967.

Rehearing Denied Jan. 3, 1968.

Review Denied Feb. 20, 1968.

Perry, Coulter & Head, by Allan K. Perry, Phoenix, for appellant.

Alena Cantor, Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal from a summary judgment granted in favor of appellee G. A. C. Finance Corporation of Camelback, defendant below, and against James R. Lochhead, appellant and plaintiff below.

The action is for recovery of damages for wrongful conversion of an airplane. Plaintiff's verified complaint alleged that on December 24, 1959 Anderson Aviation Company sold him the Piper PA-24 "250" aircraft which is the center of the controversy. The bill of sale signed by Frank J. Shelton, Jr., as president of Anderson Aviation, dated December 24, 1959, shows Anderson as the seller and Lochhead as the purchaser. In his deposition Shelton testified that the craft was sold to Deer Valley Airport, Inc., a dealer, who in turn sold it to Lochhead. He admits, however, the wording of the bill of sale and that payments were received from Lochhead who it was understood was the purchaser. Lochhead took possession of the craft at the time of purchase and remained in possession until August 10, 1963. The purchase price of over nineteen thousand dollars was paid by him.

On February 24, 1960 Anderson Aviation again sold the same aircraft to Deer Valley Airport. The bill of sale was back-dated to December 24, 1959 which, according to Mr. Shelton, was done to make all the documents read the same date to comply with federal registration requirements. Deer Valley thereafter transferred the title to Noel L. Hooper Co. under a conditional sale contract. It then sold and assigned this conditional sale contract to G. A. C.'s predecessor, Sun Finance Corporation. On the date the conditional sale contract was executed Deer Valley did not have possession of the aircraft. Hooper defaulted on the conditional sale contract and G. A. C. then became the holder of the interest which Hooper had purchased. On August 10, 1963 G. A. C., through the services of a repossession bureau, had the craft removed from the Show Low airport without permission of Lochhead who was in possession. The craft was then flown out of the state, purportedly to avoid any replevin action by Lochhead.

The bill of sale Lochhead received was never registered with the Federal Aviation Agency. However, the yellow copy of the B part of Form 500 of the bill of sale captioned "FEDERAL AVIATION AGENCY APPLICATION FOR REGISTRATION" was pinned to the back of the left front seat of the aircraft where, according to Mr. Houser, a dealer in airplanes, these applications for registration are customarily located. It was also the testimony of Mr. Houser that it was customary practice for the dealer, or whoever is selling the aircraft, to record the bill of sale with F. A. A. by sending it in on behalf of the purchaser. The yellow copy found in the craft had at the bottom, "RETAIN THIS COPY IN THE AIRCRAFT PENDING RECEIPT OF CERTIFICATE OF REGISTRATION". The conditional sale contract under which G. A. C. claims its rights was registered with the F. A. A., however there is no evidence of the placing in the aircraft any instrument of the application for registration.

Defendant urges that the bill of sale and conditional sale contract from which its rights flow was recorded with the Federal Aviation Agency as required by 49 U.S.C.A. § 1403, whereas plaintiff's bill of sale was not recorded. It contends that plaintiff's title was defeasible as against defendant because plaintiff had not complied with the federal statute, which statute preempted the field.

Lochhead's position, on the other hand, is that the conditional sale contract to Hooper was void from its inception as the property was not owned by or in the possession of either of the purported sellers,

Anderson or Deer Valley, and that although the federal statute may have preempted the field on recordation, the state law covering the legality of contracts governs.

■■ We have no difficulty in agreeing with defendant that by enacting 49 U.S.C.A. § 1403 and the related statutes for the registration of conveyances and liens affecting title to aircraft Congress has preempted the field in this regard and therefore state recording statutes are not applicable to such instruments. We cannot agree, however, that the Act preempts the field as to state laws which might otherwise apply. State Securities Co. v. Aviation Enterprises, Inc., 10 Cir. 1966, 355 F.2d 225. Also Texas National Bank of Houston v. Aufderheide, D.C.Ark. 1964, 235 F.Supp. 599. As we read these two cases they both say that although the federal system for registration of conveyances affecting aircraft has preempted the field, the questions as to validity of the title documents and matters as to notice and good faith purchaser status and the like, ought to be resolved under state law rather than federal law. See also Aircraft Investment Corp. v. Pezzani & Reid Equipment Co., D.C.Mich.1962, 205 F.Supp. 80.

Given the fact that Lochhead's title may not have been properly of record with the F. A. A., it is now for us to look into our law and the entire record in order to determine the respective rights of the parties and whether or not there exists a genuine issue as to any material fact which would preclude summary judgment.

■ A.R.S. § 44–301(1) (a) defines conditional sales as follows:

"Any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price, or. upon the performance of any other condition or the happening of any contingency;
* * *"

This statute would indicate that possession in the buyer is deemed an element of a conditional sale contract. When we look to the cases and texts on sales we find it is generally accepted that a conditional sale is a sale in which the vendee receives the possession and right of use of the goods sold, but transfer of the title to the vendee is made dependent upon the performance of some condition, usually the full payment of the purchase price. In the ordinary transaction the buyer gains possession of the property from the seller. We find the transfer and right of possession is always one of the distinctive elements. Hooper as buyer never obtained possession of the craft,. nor did the seller have any possession to give to him because it was in another person. This should have put Hooper on notice to inquire as to why possession was in the third party. Although we find no cases in Arizona on the point, this interpretation of the statute is supported by 77 C.J.S. Sales. § 289:

"Possession is sufficient notice to a purchaser to put him on inquiry as to the rights of one in possession in the property, and one who buys goods which are not in the possession of the seller at the time of the sale is under a duty to inquire, and chargeable with notice of the results of an inquiry, which rule is limited, however, to such possession as is exclusive and unambiguous."

■ The facts are undisputed that Lochhead's possession was exclusive and unambiguous from the beginning. He fully paid for the craft soon after he entered into the contract to purchase. The evidence shows that it was customary for the dealer to attend to the recording of the instruments and that copy of the recording instrument which was to be retained in the aircraft was displayed on the back of the left front seat as was the customary procedure.. Irrespective of the federal recording statutes, it would not be just to say that a person who in a normal way legally purchases and obtains possession of an air-

craft can have a title defeated by the mere recordation of a subsequent conditional sale contract by someone who has not inquired into the possession of the person who is exercising dominion over the aircraft. We believe that since neither the conditional vendor nor Hooper had possession at the time of the sale, the defendant could not gain good title as against Lochhead without first explaining the basis for the lack of Hooper's possession of the craft at the time of the sale and subsequent transactions.

Many questions arise which might throw light on whether defendant was in fact a good faith purchaser. Considering that periodic inspections required by F. A. A. were sent in in Lochhead's name as the registered owner, no reasonable explanation has been advanced for the delay of three and one-half years after this interest in G. A. C. had developed before G. A. C. chose to seek possession of the airplane. Nor has any explanation been offered by defense of the failure to place in the aircraft a copy of an application of Hooper's ownership pending receipt of the certificate of registration when it was filed with F. A. A. Nor is there any evidence that defendants have exercised any possession of the craft.

G. A. C. relies on the case of Marsden v. Southern Flight Service, 227 F.Supp. 411 (D.C.N.C. 1961) for support on the proposition that lack of possession in the seller is not enough to give third parties notice of possessor's interest in view of the statutory exception that the statute will not apply to those who have actual notice of the prior claim. 49 U.S.C.A. § 1403 provides in part:

"Validity of conveyances or other instruments; filing.

"(c) No conveyance or other instrument the recording of which is provided for by subsection (a) of this section shall be valid in respect of such aircraft, aircraft engine or engines, propellers, appliances, or spare parts against any person other than the person by whom the conveyance or other instrument is made or given, his heir or devisee, or any person *having*

*actual notice thereof,* until such conveyance or other instrument is filed for recordation in the office of the Administrator * * *" (emphasis added)

As we see it, the *Marsden* case is authority only for the proposition that under the statute of recordation, possession in one other than the seller is not actual notice to nullify the recording from being effective as to the buyer, and therefore distinguishable from the instant situation. We would hold that lack of possession in a buyer can affect the validity of a conditional sale under Arizona law. Stephens-Franklin Motors v. Lambros, 71 Ariz. 389, 228 P.2d 267 (1951). In *Lambros*, brought under the Emergency Price Control Act of 1942, the Court had to determine whether or not a sale had really taken place. The Court said:

"The actual delivery of the goods is of the greatest importance in showing the intention of the parties to pass title and it is accordingly a general rule that in absence of contrary agreement the delivery and acceptance of the property vests the title in the buyer."

The case illustrates that the actual delivery of possession of the article is of great importance in determining the intent to vest title in the buyer. It regards possession as one of the elements of a sale.

We do not hold that possession alone is controlling, but only that the burden shifts to the defendant to show what inquiry was made as to the lack of possession in the conditional vendor and vendee as it might affect the bona fides of the transaction.

In examining the record, we cannot agree that this was a proper case for a summary judgment. The thrust of G. A. C.'s contention was that it had recorded in compliance with 49 U.S.C.A. § 1403 and should prevail. Lochhead sought an examination into the validity of the conditional sale under which G. A. C. claimed, and into the good faith of G. A. C. in making the purchase. To uphold the trial court's order would be to say that as a matter of law,

recording with the federal agency defeats prior title claims. We do not agree, but rather the recording is effective only to the extent that title has been properly obtained under the laws of the state. Genuine issue of material fact existing, the trial court was in error in granting the summary judgment.

Reversed and remanded.

CAMERON, C. J., and STEVENS, J., concur.